108 F.3d 1384
 79 A.F.T.R.2d 97-1716, 97-1 USTC P 50,321
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
AMWEST SURETY INSURANCE COMPANY, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 95-56571.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 5, 1997.
Decided March 17, 1997.
 
 1
 Before: FARRIS, KOZINSKI and T.G. NELSON, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Amwest Surety Insurance Company appeals the district court's grant of summary judgment in favor of the government on Amwest's wrongful levy claim under 26 U.S.C. § 7426. We review de novo, Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1994), and affirm.
 
 
 4
 Amwest does not contest that Counsel had a property interest in the contract proceeds to which a tax lien could attach. We reject Amwest's argument that this property interest was retroactively extinguished upon Counsel's later defaults. Amwest claims its own rights to the undisbursed proceeds through Counsel, either as assignee or subrogee. "Once a lien has attached to an interest in property, the lien cannot be extinguished ... simply by a transfer or conveyance of the interest." United States v. Rodgers, 461 U.S. 677, 691 n. 16 (1983).
 
 
 5
 In the absence of a congressional rule to the contrary, the priority of a federal tax lien in relation to other liens and interests is determined under the federal common-law principle that "the first in time is the first in right." United States v. McDermott, 507 U.S. 447, 449 (1993). The federal liens attached upon assessment in 1993. 26 U.S.C. § 6322. Amwest's right to be subrogated to Counsel's interest in the contract proceeds matured, for purposes of federal law, after Counsel's defaults in 1994. The federal liens were first in time. That Amwest's equitable subrogation rights may relate back to the date of the suretyship agreement for purposes of state law is not relevant. See United States v. Security Trust and Savings Bank, 340 U.S. 47, 50 (1950). Amwest has not demonstrated that it is otherwise subrogated to the rights of a person or entity whose rights are senior to the government's.
 
 
 6
 Amwest's equitable subrogation rights are not entitled to superpriority under 26 U.S.C. § 6323(c) because its subrogation rights are not security interests acquired by contract. See 26 U.S.C. § 6323(c) (granting superpriority to certain security interests); 26 U.S.C. § 6323(h)(1) (defining security interest as an interest "acquired by contract").
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3